# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| DUANE YEAGER, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 2:22-cv-113 |
| v. | ) |
| | ) Judge Atchley |
| MITZIE WIDDAL, | ) |
| KENNETH TRIVITT, | ) Magistrate Judge Wyrick |
| SERGEANT MCGINNIS, and | ) |
| SHERIFF DEXTER LUNSFORD, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate proceeding pro se, has filed a motion for leave to proceed *in forma pauperis* [Doc. 1] in a civil rights action under 42 U.S.C. § 1983 [Doc. 2]. For the reasons set forth below, Plaintiff's motion will be granted, and this action will be dismissed as frivolous.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of

Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ALLEGATIONS OF COMPLAINT

Following his arrest, Plaintiff was housed in the Carter County Detention Center and placed on a medication, potassium citrate, to treat a preexisting heart condition [Doc. 2 at 4, 5]. On September 6, 2020, Plaintiff "wrote medical" and advised staff that Defendant Nurse Mitzie Widdal was crushing his medication per facility policy, even though the handbook indicates that certain medications should not be crushed [*Id*. at 4]. Plaintiff explained to Nurse Widdal that Drugs.com advises against crushing his particular medication, but Nurse Widdal indicated that Plaintiff could only receive his medications if the pills were crushed [*Id*. at 5].

Plaintiff contacted Defendant Captain Kenneth Trivitt and Sheriff Dexter Lunsford several times and advised each of the mismanagement of his medication, but neither Defendant Trivitt nor Defendant Lunsford responded to Plaintiff's requests or grievances [*Id*.]. At one point, Defendant Sergeant McGinnis was in the nurses' station and told Plaintiff that staff had no choice but to offer the medication as crushed, despite the fact that Plaintiff advised staff of damage caused to his throat by the crushed medication [*Id*. at 5].

2

No one took action to change the way Plaintiff received his medication, even after he had a seizure on November 13, 2020 [*Id*. at 4]. Plaintiff was transported to medical on several occasions between September 6, 2020, and November 16, 2020, but no action was taken about his medication, even though Plaintiff suffered several seizures and experienced high blood pressure during this entire period [*Id*.].

Aggrieved, Plaintiff filed the instant action against each Defendant in his or her individual capacity, seeking monetary damages against Defendants for their alleged deliberate indifference to Plaintiff's serious medical needs [*Id*. at 5-6].

## III. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself

3

create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.     Analysis

It appears from the face of Plaintiff's complaint that it is untimely. Because § 1983 does not contain its own limitations period, this Court must apply Tennessee's statue of limitations for personal injury actions to § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

Plaintiff's complaint was signed on August 30, 2022, and it complains of unconstitutional medical treatment and/or the denial of adequate medical treatment from approximately September

4

5, 2020, through November 16, 2020 [Doc. 2 p. 4-5]. The injuries forming the basis of Plaintiff's claims were discoverable and complete as of November 16, 2020, when Plaintiff claims that the unconstitutional conduct ceased [*Id*. at 4]. However, Plaintiff did not file the instant suit until, at earliest, August 30, 2022, which is well past the expiration of the one-year limitations period [Doc. 2 p. 6].

The Court notes that Plaintiff filed a previous action with the same factual allegations as asserted in this action, and that action was dismissed on November 22, 2021, for Plaintiff's failure to prosecute and comply with the Court's Order requiring him to submit a certified copy of his inmate trust account. *See Yeager v. Widdal*, No. 2:21-cv-112-CEA-CRW (E.D. Tenn. 2021) [Docs. 5 and 6]. In the current action, Plaintiff contends that the detention facility where he was then housed "withheld [his] court documents so that [he] could not respond to the Court timely" in the prior action [Doc. 2 p. 2]. Accordingly, out of an abundance of caution, the Court will consider whether tolling of the statute of limitations is appropriate under the circumstances presented by Plaintiff.

The Court finds that the limitations period was not tolled during the pendency of the prior action, and therefore, the filing of that action has no effect on whether the instant action is timely. *Bomer v. Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962) ("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought. In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.") (internal citations omitted).

However, under Tennessee law, "the doctrines of equitable estoppel and fraudulent concealment" may toll a statute of limitations. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). "[T]he doctrine of equitable estoppel tolls the running of the

5

statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id*. "Under the fraudulent concealment doctrine, the statute of limitations is tolled when 'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured.'" *Id*. at 462 (alteration in original) (quoting *Fahrner v. SW Mfg., Inc*., 48 S.W.3d 141, 146 (Tenn. 2001)).

Here, Plaintiff does not allege, and there is no indication from the record of Plaintiff's previous action, that he failed to timely receive the Court's Order dismissing that case, and Plaintiff has not offered any explanation as to why the instant action was not filed until approximately nine months after the prior action was dismissed. Additionally, Plaintiff did not argue in the prior action that Defendants were withholding documents in order to thwart his attempts at compliance with the Court's orders. *See, generally*, *Yeager v. Widdal*, No. 2:21-cv-112-CEA-CRW (E.D. Tenn. 2021). Therefore, the Court finds that Plaintiff has not argued that Defendants engaged in the type of misconduct that would toll the statute of limitations, and this case will be dismissed as frivolous. *See In re Royal Manor Mgmt., Inc*., 652 F. App'x 330, 339-40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

6

4. This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

                              **/s/** *Charles E. Atchley, Jr.*
                              **CHARLES E. ATCHLEY, JR.**
                              **UNITED STATES DISTRICT JUDGE**